1911-CC00348

Electronically Filed - St Charles Circuit Div - April 04, 2019 - 11:09 AM

## IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
## ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| ST. CHARLES GLASS & GLAZING, INC., | ) |
| Plaintiff, | ) |
| v. | ) Cause No. _____ |
| NATIONAL TRUST INSURANCE COMPANY, | ) Division _____ |
| Defendant. | ) |

**SERVE:**
National Trust Insurance Company
c/o Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101

### PETITION FOR DECLARATORY JUDGMENT

Plaintiff, St. Charles Glass & Glazing, Inc., by and through its undersigned attorneys, and for its claims for relief against Defendant National Trust Insurance Company, avers as follows:

1. Plaintiff St. Charles Glass & Glazing, Inc. ("Plaintiff") is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in St. Charles County, Missouri.

2. Defendant National Trust Insurance Company ("National Trust") is and was at all relevant times a foreign insurance company registered to do business in Missouri.

3. Venue is proper in this Court under §508.010.2(4), R.S.Mo., in that National Trust is not a Missouri resident.

4. The Court has personal jurisdiction over National Trust and subject matter jurisdiction over the claims for relief alleged herein.

### THE PROJECT

**EXHIBIT A**

5. On or about September 24, 2014, Plaintiff entered into a "Master Subcontract Agreement for Construction" with general contractor Paric Corporation ("Paric") for a project known as the Offsite Pediatric Ambulatory Center ("OPAC Project") on property located at 599 S. Mason Road, St. Louis County, Missouri and owned by BJC Health System ("BJC").

6. Plaintiff was engaged as subcontractor to provide certain storefront systems (glass and glazing) for the building, which focus on protecting the building interior, its occupants, and contents from the elements by forming a barrier against wind, moisture and temperature.

7. Paric's construction contract with BJC required that certain Missouri Minority Business Enterprises ("MBE") workforce and business utilization goals be met or exceeded on the OPAC Project.

8. Paric requested Plaintiff to subcontract a large portion of Plaintiff's work to an MBE second-tier subcontractor so that the project's MBE goals could be met or exceeded. Pursuant to Paric's request, Plaintiff subcontracted a portion of its work (the installation of exterior glass and glazing services) to St. Louis Glass, an MBE enterprise ("SLG").

9. SLG subsequently performed the installation and glazing services of the storefront systems on the OPAC Project as a subcontractor to Plaintiff.

## THE PROPERTY DAMAGE

10. In August 2015, BJC notified Paric, and Paric subsequently notified Plaintiff, of damage to BJC's property due to water intrusion and leaks allegedly arising from SLG's installation of the storefront systems. Following an investigation, and since SLG was a second-tier subcontractor to Plaintiff, in January, 2016 Paric demanded that Plaintiff bear the responsibility for correcting the damages to BJC's property

2

11. Following Paric's demand, Plaintiff repaired the damages to BJC's property by removing, reglazing and reinstalling the glass in the building's storefront systems at Plaintiff's cost and expense.

12. In addition to demanding that Plaintiff repair the damages to BJC's property, Paric also asserted a claim against Plaintiff for Paric's own alleged extra cost and expense in connection with repairing the damage to BJC's property. Paric's claim was in the form of a "deductive change order" to Plaintiff's subcontract agreement with Paric.

## PLAINTIFF'S INDEMNIFICATION REQUEST TO CARRIER

13. Plaintiff purchased, and National Trust issued to Plaintiff, Commercial General Liability Policy Number CPP 0018454 for the policy period of April 18, 2015 through April 18, 2016 (the "Policy"). A copy of the Policy is attached hereto and marked as Exhibit 1.

14. In early April, 2016, Plaintiff put National Trust on notice of Paric's demands and claims. National Trust conducted an internal investigation and, as a result of the investigation, concluded that the property damage was in fact caused by the work performed by SLG on behalf of Plaintiff as a subcontractor to Plaintiff. On April 18, National Trust notified SLG of its investigation and demanded indemnification from SLG for the property damage. A copy of National Trust's demand letter is attached and marked as Exhibit 2.

15. Thereafter, on May 18, 2016, Plaintiff (through counsel) made formal written request to National Trust to defend and indemnify Plaintiff pursuant to the provisions of the Policy. A copy of Plaintiff's written request is attached hereto and marked as Exhibit 3.

16. On May 23, 2016, National Trust (through counsel) responded to Plaintiff's request "reserving its rights to deny coverage" to Plaintiff and requesting additional information

Electronically Filed - St Charles Circuit Div - April 04, 2019 - 11:09 AM

from Plaintiff. A copy of National Trust's May 23 response is attached hereto and marked as Exhibit 4.

17. Plaintiff denies that National Trust's stated reasons for its "reservation of rights" in the May 23 correspondence are valid bases for denying coverage under the Policy.

18. Plaintiff subsequently provided the information requested by National Trust in its May 23 correspondence.

19. Thereafter, after having received the information from Plaintiff, National Trust continued to "reserve its rights to deny coverage" to Plaintiff in correspondence from its counsel on September 12, 2016. A copy of National Trust's September 12 correspondence is attached hereto and marked as Exhibit 5.

20. Plaintiff denies that National Trust's stated reasons for its "reservation of rights" in the September 12 correspondence are valid bases for denying coverage under the Policy.

21. Subsequent to and in followup to the September 12, 2016 correspondence, National Trust notified Plaintiff that, in spite of its reservation of rights, it agreed to participate in a "global mediation" involving Paric and SLG's carrier that would ultimately provide full indemnification to Plaintiff. However, SLG's carrier declined to participate in the "global mediation," but National Trust has continued to agree provide indemnification to Plaintiff under the Policy with respect to the claim made by Paric in Paric's proposed "deductive change order."

22. However, National Trust continued to refuse (and still continues to refuse) to indemnify Plaintiff and provide coverage to Plaintiff with respect to Plaintiff's costs and expenses in repairing BJC's property damage.

23. National Trust has refused to provide any justification for its agreement to honor Plaintiff's claim for indemnification as to the Paric "deductive change order" while refusing to

Electronically Filed - St Charles Circuit Div - April 04, 2019 - 11:09 AM

honor (after proposing the global mediation) Plaintiff's claim for indemnification for Plaintiff's costs and expenses in repairing the damage to BJC's property.

## REQUEST FOR DECLARATORY JUDGMENT

24. An actual, present and justiciable controversy exists between Plaintiff and National Trust concerning the parties' rights and obligations under the Policy, and the controversy is ripe for judicial determination.

25. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant its Declaratory Judgment in Plaintiff's favor against Defendant National Trust declaring that National Trust has an obligation under the Policy to indemnify Plaintiff with respect to the costs, expenses and other amounts which Plaintiff has paid or will be obligated to pay for the damages to BJC's property, up to the Policy limits, for an awards of Plaintiff's costs associated herein, reasonable attorneys' fees, and for any other or further relief which this Court deems just and proper under the circumstances.

Respectfully submitted,

ROSENBLUM GOLDENHERSH, P.C.

BY: /s/ John J. Gazzoli, Jr.
John J. Gazzoli, Jr., #24781
Jeffrey B. Hunt, #33349
Theresa A. Phelps, #55023
7733 Forsyth Blvd., 4th Floor
St. Louis, MO 63105
(314) 726-6868
(314) 726-6786 (Facsimile)
jgazzoli@rosenblumgoldenhersh.com
jhunt@rosenblumgoldenhersh.com
tphelps@rosenblumgoldenhersh.com

*ATTORNEYS FOR PLAINTIFF*
*ST. CHARLES GLASS & GLAZING, INC.*