UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. CHARLES GLASS & GLAZING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL TRUST INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| ) | No. 4:19CV1306 RLW |
| ) | |
| NATIONAL TRUST INSURANCE COMPANY, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ST. CHARLES GLASS & GLAZING, INC., ) | |
| ) | |
| Counter-Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant/Counter-Plaintiff National Trust Insurance Company's ("Defendant" or "National Trust") Rule 12(b)(6) Motion to Dismiss Count III of St. Charles Glass & Glazing, Inc.'s ("Plaintiff" or "St. Charles Glass") First Amended Complaint for Declaratory Judgment (ECF No. 17). St. Charles Glass filed a response in opposition (ECF No. 22). National Trust did not file a reply, and the time for doing so has expired. Upon review of the motion and related memoranda, the Court will grant the motion to dismiss in part and deny in part.

## I. Background

This case was removed to federal court from the Circuit Court of St. Charles County, Missouri. The state court petition sought declaratory judgment that National Trust is obligated to

indemnify St. Charles Glass for sums incurred to remedy alleged property damage at a construction site in St. Louis County. (ECF No. 5) On June 11, 2019, Plaintiff St. Charles Glass filed a First Amended Complaint ("Complaint") again seeking Declaratory Judgment (Count I) in favor of Plaintiff declaring National Trust has an obligation under the Commercial General Liability Policy ("Policy") between the parties to indemnify Plaintiff with respect to costs, expenses, and amounts already paid, or which will be obligated to pay, by Plaintiff relating to damages to property owned by BJC Health Systems ("BJC"). (ECF No. 15 ¶¶ 6, 14, 25-28) Plaintiff also brings claims for Breach of Contract (Count II) and Vexatious Refusal to Pay (Count III) under Mo. Rev. Stat. §§ 375.296 and 375.420. (*Id.* at ¶¶ 30-53) Defendant National Trust moves to dismiss Count III of Plaintiff's Complaint under Fed. R Civ. P. 12(b)(6) for failure to state a claim.

## II. Legal Standard

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some

insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

### III. Discussion

In its motion to dismiss, Defendant claims Plaintiff has failed to state a claim for vexatious refusal to pay because one of the Missouri Statutes upon which Plaintiff relies in Count III, Mo. Rev. Stat. § 375.296, applies only to insurance companies not authorized to transact business in the State of Missouri. However, the Complaint alleges National Trust is an insurance company registered to do business in Missouri. (ECF No. 15 ¶ 2) Thus, Defendant contends Count III should be dismissed with prejudice.

In its response, Plaintiff disagrees that § 375.296 applies only to a foreign insurer not authorized to do business in Missouri but concedes the citation to § 375.296 may be stricken from Count III, as both statutes cited in the Complaint provide comparable relief. St. Charles Glass also contends Defendant has not alleged Plaintiff's claim under § 375.420 fails to state a claim to justify dismissal of Count III in its entirety. Defendant did not file a reply to Plaintiff's assertion that only a portion of Count III should be dismissed.

Because Plaintiff is willing to strike its claim for vexatious refusal to pay under Mo. Rev. Stat. § 375.296, and Defendant has failed provide support for its contention that the entirety of Count III should be dismissed under Rule 12(b)(6), the Court will dismiss the § 375.296 vexatious refusal to pay claim in Plaintiff's First Amended Complaint, and allow Count III to go forward under § 375.420. *Am. Modern Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2017 WL 2225204, at *1 (E.D. Mo. May 22, 2017) (dismissing plaintiffs' vexatious refusal to pay claim brought under § 375.296 but permitting the claim to proceed under § 375.420).

Accordingly,

3

**IT IS HEREBY ORDERED** that Defendant/Counter-Plaintiff National Trust Insurance Company's Rule 12(b)(6) Motion to Dismiss Count III of St. Charles Glass & Glazing, Inc.'s First Amended Complaint for Declaratory Judgment (ECF No. 17) is **GRANTED** in part and **DENIED** in part as set forth above. St. Charles Glass & Glazing, Inc. may proceed on the claim raised in Count III of its First Amended Complaint for vexatious refusal to pay under Mo. Rev. Stat. § 375.420.

Dated this 21st day of January, 2020.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**